Rodriguez v Weber

2026 NY Slip Op 03012

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Richard Rodriguez, respondent,

v

Philip Weber, etc., et al., defendants, Charles Noyer, etc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-05015, (Index No. 68044/18)

Mark C. Dillon, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Martin Clearwater & Bell LLP, New York, NY (Jacqueline D. Berger and Christopher Terzian of counsel), for appellants.

Charles E. Luceno, Valhalla, NY (Frank Young of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for medical malpractice and lack of informed consent, the defendants Charles Noyer and Digestive Disease and Nutrition Center of Westchester, LLP, appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated June 9, 2022. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Charles Noyer and Digestive Disease and Nutrition Center of Westchester, LLP, for summary judgment dismissing the complaint insofar as asserted against them is granted.

In January 2016, the defendant Philip Weber, a surgeon, and the defendant Charles Noyer, a gastroenterologist, unsuccessfully attempted to remove a gallstone from the plaintiff's common bile duct. In April 2016, Weber and Noyer successfully removed the gallstone.

In October 2018, the plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent, alleging, inter alia, that he sustained injuries due to certain departures from accepted standards of care. Noyer and the defendant Digestive Disease and Nutrition Center of Westchester, LLP (hereinafter together the Noyer defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 9, 2022, the Supreme Court, among other things, denied the motion. The Noyer defendants appeal.

"In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Danziger v Mayer, 236 AD3d 755, 758 [internal quotation marks omitted]). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (id. [internal quotation marks omitted]). "General and conclusory allegations of medical malpractice, . . . unsupported by competent evidence tending [*2]to establish the essential elements of medical malpractice, . . . are insufficient to defeat a defendant medical provider's summary judgment motion" (id. [alteration and internal quotation marks omitted]).

Here, in opposition to the Noyer defendants' prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert was speculative and conclusory, relied upon facts that were not supported by the record, and failed to establish a causal connection between Noyer's alleged departures and the plaintiff's injuries (see Williams v Levine, 238 AD3d 960, 963; Kaur v Jamaica Hosp. Med. Ctr., 237 AD3d 1178, 1180; Javich v Sullivan, 192 AD3d 871, 874). Accordingly, the Supreme Court should have granted the Noyer defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The Noyer defendants' remaining contention need not be reached in light of our determination.

DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court